This is a statutory proceeding for the adjudication of the waters of Johnson creek, which is a small stream in Chelan county. Charles J. Bartholet, assistant state supervisor of hydraulics, was appointed referee to take the testimony and make a report. To the report, exceptions were filed. A hearing was had before the superior court, which resulted in a judgment sustaining the exceptions in one material respect. From the judgment entered, J.C. Gordon, Jr., and Cora A. Gordon, his wife, and De Tweede Northwestern and Pacific Hypotheekbank, a corporation, appeal. *Page 630 
 [1] After taking the testimony and before making his report, the referee made a personal inspection of the physical conditions of the stream as an aid in the interpretation of the evidence which had been introduced before him. The referee found that Johnson creek is a natural water course, and that the bed of the stream is of such a character that the water rises and sinks along its course, coming to the surface with the bed rock, and sinking in other sections where the soils are porous. In the spring of the year during the snow run-off, water runs on the surface the entire length of the stream. If that finding is correct, then Johnson creek is a stream, even though it does not flow continuously and at times is dry in places.
In Tierney v. Yakima County, 136 Wn. 481, 239 P. 248, it is said:
"It often happens, as is well known, that, during long periods with but little rainfall, streams of considerable magnitude or their several channels become nearly dry in summer; and yet no one would hesitate to call them water courses. It is immaterial that the flow may be intermittent, or even that, at certain seasons of the year, there may be little or even no flow of water. A most common definition of a water course is:
"`It must appear that the water usually flows therein in a certain direction, and in a regular channel with banks and sides. It may not flow continuously, and it may at times be dry. It must have, however, a substantial existence.' Geddis v. Parrish,1 Wn. 587, 21 P. 314; Farnham, Waters and Water Rights, vol. 2, § 459.
"27 R.C.L., p. 1066, § 7, upon citing a large number of cases, including Rigney v. Tacoma Light Water Co., 9 Wn. 576,38 P. 147, 26 L.R.A. 425, says:
"`And, while the source of a stream must have a well defined existence, its flow need not be continual, and the fact that the source of supply is intermittent and its flow interrupted during certain periods of the *Page 631 
year in no way detracts from its character as a stream.'"
[2] The trial court was of the opinion that the waters which appear along Johnson creek during the dry season are spring waters, and that the waters flowing underground are seepage and percolating waters. If Johnson creek is a stream or water course, as found by the referee, the appellants are entitled to the prior right to the waters thereof, because they were first in time and therefore first in right. The evidence having been taken before the referee, the trial court was in no better position than are we to weigh and give effect to the testimony. After giving attentive consideration to all of the evidence, we are of the view that the referee's finding should be sustained. The respondents have filed no brief on appeal, and have made no appearance in this court.
The judgment will be reversed and the cause remanded with instructions to the superior court to enter judgment as herein indicated.
MITCHELL, C.J., PARKER, TOLMAN, and HOLCOMB, JJ., concur. *Page 632